**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4633**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMARIO LADARL PEMBERTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:12-cr-00055-JAB-1)

Submitted: January 29, 2013        Decided: January 31, 2013

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Ladarl Pemberton pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Pemberton to eighty-two months' imprisonment, within his properly calculated Sentencing Guidelines range. On appeal, Pemberton challenges the substantive reasonableness of the sentence, contending that it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). Finding no reversible error, we affirm.

We review Pemberton's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). When reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that Pemberton's eighty-two-month, within-Guidelines sentence is substantively reasonable, as Pemberton

2

fails to overcome the appellate presumption of reasonableness afforded his sentence. The district court carefully considered the § 3553(a) factors, noting the seriousness of Pemberton's § 922(g) offense and related armed robbery, Pemberton's prior convictions, Pemberton's lack of respect for the law, and the need to protect the public. Moreover, the court considered the particular needs of Pemberton in crafting his sentence, recommending that he receive substance abuse and mental health treatment. In sum, we conclude that the district court acted well within its discretion by finding that Pemberton's eighty-two-month sentence was not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED